1 | Steve W. Dollar, Esq. (SBN 104365)
sdollar@eakdl.com
2 | Grace Lee, Esq. (SBN 247223)
glee@eakdl.com
3 | ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.
152 North Third Street, Suite 700
4 | San Jose, CA 95112
Telephone: (408) 286-0880
5 | Facsimile: (408) 286-0337

6 | Attorneys for Defendants AEQUITAS APPRAISAL GROUP
and DARRELL R. KETTNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| PATRICIA M. HERNANDEZ, | NO. C08-01630-PVT |
|---|---|
| Plaintiff, | |
| vs. | NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| PATRICIA ALVAREZ; GLORIA ALVAREZ; DAVID MCCAIN; VISION QUEST 21, INC.; COUNTRYWIDE BANK, FSB; MARIPOSA MORTGAGE INC.; THE CLOSING COMPANY- ESCROW SERVICE; AEQUITAS APPRAISAL GROUP; EDDIE BURNIAS; MARIO BURNIAS; MICHAEL ANDIN; JOANNE WONG; DEANNA GLOVER; MARIA ANTUNES; MARIA RODRIGUEZ; ERIKA SALAZAR; DARRELL KETTNER; ALEJANDRA ANDRADE; ENRIQUE AMEZCUA; and DOES 1 to 20, inclusive, | [Fed. Rules Civ. Proc., rule 12(b)(6)] |
| | Date: September 16, 2008 |
| | Time: 10:00 a.m. |
| | Courtroom 5, 4th Floor |
| | Jury Demanded |
| Defendants. | |

1
MOTION TO DISMISS

**TABLE OF CONTENTS**

I.  NOTICE OF MOTION .................................................... 5

II. INTRODUCTION ........................................................ 6

III. STATUTORY AUTHORITY ............................................... 7

IV. LEGAL ARGUMENT ...................................................... 8

    A.  The Second Cause of Action (for Violation Of The Real Estate And Settlement Procedures Act And Regulation X) Fails to State a Claim against These Defendants. ................................. 8

    B.  The Third Cause of Action (Violation Of The Truth In Lending Act And Federal Reserve Regulation Z) Fail to State a Cause of Action Against These Defendants. ................................. 9

    C.  The Fourth Cause of Action (Fraud) Fails to State a Claim Against These Defendants. ................................................ 9

    D.  The Fifth Cause of Action (Conspiracy To Defraud) Fails To State A Claim Against These Defendants. ................................. 11

    E.  The Eighth Cause of Action (Negligent Misrepresentation) Fails To State A Claim Against These Defendants. ............................ 12

    F.  The Tenth Cause of Action (Concealment) Fails To State A Claim Against These Defendants. ................................................ 14

    G.  The Eleventh Cause of Action (Rescission) Fails To State A Claim Against These Defendants. ................................................ 15

    H.  The Thirteenth Cause of Action (Violation of the Unfair Competition Act) Fails To State A Claim Against These Defendants. ............... 15

V.  CONCLUSION .......................................................... 16

**TABLE OF AUTHORITIES**

Cases

*Bily v. Arthur Young & Co.* (1992) 3 Cal. 4th 370 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-14

*Cacique, Inc. v. Robert Reiser & Co. Inc.* (9th Cir. 1999) 169 F. 3d 619 . . . . . . . . . . . . . . . . . . . . 16

California Business and Professions Code section 17203 (West 2004) . . . . . . . . . . . . . . . . . . . . 16

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Eddy v. Sharp,* 199 Cal. App. 3d 858 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.* (9th Cir. 2008) 525 F. 3d 822 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fox v. Pollack* (Ct. App. 1986) 181 Cal. App. 3d 954 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hart v. Browne* (1980) 103 Cal. App. 3d 947 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal. 4th 1134 . . . . . . . . . . . . . . . . . . . . 16

*Lincoln Alameda Creek v. Cooper Industries Inc.* (N.D. Cal 1992) 829 F. Supp. 325 . . . . . . . 12

*Mariani v. Price Waterhouse* (1999) 70 Cal. App. 4th 685 . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Resolution Trust Corp. v. Keating* (9th Cir.1999) 186 F. 3d 1110 . . . . . . . . . . . . . . . . . . . . . . . 11

*Rice v. Fox Broadcasting Co.,* (9th Cir. 2003) 330 F. 3d 1170 . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Smith v. State Farm Mut. Auto. Ins. Co.* (2001) 93 Cal. App. 4th 700 . . . . . . . . . . . . . . . . . . . . 11

*Soderberg v. McKinney* (1996) 44 Cal. App. 4th 1760 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Vess v. Ciba-Geigy Corp USA,* (9th Cir. 2003) 317 F. 3d 1097 . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Williamson v. General Dynamics Corp.,* (9th Cir. 2000) 208 F. 3d 1144 . . . . . . . . . . . . . . . . . . 15

Statutes

12 United States Code section 2607(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12 United States Code section 2607(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

12 United States Code section 2607(c)(5)(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 United States code Section 1601(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 United States Code section 1602(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15 United States Code section 1631(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Business and Professions Code section 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

California Business and Professions Code, section 17200, et seq. . . . . . . . . . . . . . . . . . . . . . . . 15

California Civil Code section 1572(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

California Civil Code section 1689 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

California Civil Code section 1710(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

California Civil Code section 1710(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Other Authorities

Federal Rules of Civil Procedure Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Federal Rules of Civil Procedure, rule 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Federal Rules of Civil Procedure, Rule 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## I. NOTICE OF MOTION

TO: PLAINTIFF PATRICIA HERNANDEZ AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 16, 2008 at 10:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 5 of the above entitled Court located at 280 South 1st Street, San Jose, California, defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP will and hereby do move to dismiss the First Amended Complaint for Failure to State a Claim.

Specifically, defendants move to dismiss the First Amended Complaint pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), as follows:

1. The First Amended Complaint does not state facts sufficient to state a claim against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

2. The First Amended Complaint is uncertain, ambiguous and unintelligible.

3. The First Amended Complaint does not state facts sufficient to state a claim for the Violation of The Real Estate And Settlement Procedures Act and Regulation X against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

4. The First Amended Complaint does not state facts sufficient to state a claim for the Violation of the Truth In Lending Act and Federal Reserve Regulation Z against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

5. The First Amended Complaint does not state facts sufficient to state a claim for Fraud against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

6. The First Amended Complaint does not state facts sufficient to state a claim for Conspiracy to Defraud against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

7. The First Amended Complaint does not state facts sufficient to state a claim for Negligent Misrepresentation against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

8. The First Amended Complaint does not state facts sufficient to state a claim for Concealment against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

9. The First Amended Complaint does not state facts sufficient to state a claim for

Rescission against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

10. The First Amended Complaint does not state facts sufficient to state a claim for the Violation of the Unfair Competition Act against defendants DARRELL KETTNER and AEQUITAS APPRAISAL GROUP.

The Motion to Dismiss for Failure to State a Claim is made and based upon this Notice, the Memorandum of Points and Authorities, all of the pleadings and records on file herein, and such oral and other evidence as may be presented at the hearing on the Motion.

## II. INTRODUCTION

This case arises from Plaintiff's claim that defendants Patricia and Gloria Alvarez, through a series of fraudulent acts and omissions, and with the assistance of the other defendants, allegedly induced the Plaintiff and her brother into purchasing a home and obtaining a mortgage loan that she was incapable of maintaining.

Plaintiff alleges that she originally hired Patricia and Gloria Alvarez of Century 21 Su Casa after responding to a newspaper advertisement in October 2006. (First Amended Complaint (hereinafter "FAC"), ¶ 12-13, page 3, lines 23-27). Plaintiff authorized an offer of $470,000 (FAC, ¶ 14, page 4, lines 6-7), purchased the subject property located at 1980 Tobago Avenue and began occupying the home in early February 2007. (FAC, ¶ 16, page 4, lines 12-14).

The Plaintiff admits that she did not receive her final loan settlement statement from Countrywide until approximately one year after she had purchased the home. It was then that she was "shocked" to discover that the purchase price of the home was $595,000 and mortgage loan had far exceeded that of what she had agreed to offer. (FAC, ¶ 27, page 6, lines 14-18).

According to Plaintiff, Patricia and Gloria Alvarez, without her knowledge or consent, forged new documents which not only increased her initial purchase offer but also misrepresented the borrower's qualifications to obtain not the promised fixed rate loan, but one with an adjustable rate that was far more than she could allegedly afford. (FAC, ¶ 22-23, page 5, lines 7-27).

Defendants Darrell Kettner and Aequitas Appraisal Group (hereinafter "Kettner and Aequitas") were retained to create an appraisal report for the subject property. (FAC, ¶174, page 25, lines 17-20). The appraisal prepared by Kettner and Aequitas allegedly "would not support a

contract sales price for the Tobago Avenue property of $595,000." (FAC, ¶ 174, page 25, lines 17-20).

The only allegations contained in the complaint regarding any alleged wrong doing by either of the defendants is the following:

> 174. Plaintiff is informed and believes, and on that basis alleges that defendant Kettner, acting in his individual capacity and/or as an employee and/or agent of defendant Aequitas Appraisal Company, did not produce an appraisal report that would support a contract sales price for the Tobago property of $595,000.
>
> 175. Plaintiff is informed and believes, and on that basis alleges, that defendants Kettner and Aequitas Appraisal Company provided false and/or exaggerated statements concerning the value of the Tobago Avenue property, knew those statements were false when they were made and made those statements to induce Ms. Hernandez to continue with the purchase of the property so that defendants could collect their fees.

The facts alleged in the First Amended Complaint fail to state a claim upon which relief can be granted against Kettner and Aequitas. According to the Complaint, Plaintiff believed she was purchasing the subject property for $470,000 and did not discover that the final purchase price was $595,000 until well after close of escrow (*See* FAC ¶ 253, page 36, lines 3-4). Since the appraisal indicated a fair market value of $595,000 (implied in paragraph 174 and other paragraphs in the First Amended Complaint), Plaintiff could not have read and relied upon the appraisal in deciding to purchase the subject property, or it would not have been a "shock" to later learn that the actual sales price was $595,000. In fact, the First Amended Complaint fails to contain any specific allegations indicating that the plaintiff relied on the appraisal at all.

In each cause of action, the Plaintiff fails to explain how the alleged wrongful act was the cause of her damages. The First Amended Complaint falls far short of explaining how the appraisal could have caused or contributed to her damages, especially in light of the admission that she not see any of the loan documents until one year after she had already purchased the home (FAC ¶ 253, page 36, lines 3-4). For these reasons and those discussed in detail below, Defendants Kettner and Aequitas respectfully request this Court grant this Motion to Dismiss without leave to amend.

### III.     STATUTORY AUTHORITY

Federal Rules of Civil Procedure, rule 12(b) states:

(b) HOW TO PRESENT DEFENSES.

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

## IV.   LEGAL ARGUMENT

### A.   The Second Cause of Action (for Violation Of The Real Estate And Settlement Procedures Act And Regulation X) Fails to State a Claim against These Defendants.

It is clear from the statute that the Real Estate And Settlement Procedures Act (RESPA) and the equivalent Regulation X, section 3500.14, is targeted towards the actions of mortgage lenders as 12 United States Code section 2607(a) and (b) both state that the statute is applicable to those transactions involving "real estate *settlement services* involving a federally related mortgage loan." The statute further states in section 2607(c) that "Nothing in this section shall be construed as prohibiting... (4) affiliated business arrangements so long as... (B) such person is not required to use any particular provider of settlement services... For purposes of the preceding sentence, the following shall not be considered a violation of (4)(B): (i) any arrangement that requires.... a real estate appraiser chosen by the lender to represent the lender's interest in a real estate transaction" U.S.C. § 2607(c)(5)(i). Moreover, Regulation X (g)(1)(iii) specifically permits "a payment by a lender to its duly appointed agent or contractor for services actually performed in the origination, processing, or funding of a loan."

To violate RESPA and the equivalent Regulation X, three elements must be present: (1) there must be a payment or giving of a thing of value, (2) the payment must be paramount to an agreement to refer business and (3) a referral must occur. Even if the statute did not clearly state that the acts of real estate appraisers are exempt, the First Amended Complaint still fails to properly allege any of the three necessary elements listed above as to these defendants. The Complaint simply

alleges that "Defendants Kettner and Aequitas Appraisal Group accepted unearned fees for the production of an appraisal report that plaintiff is informed and believes, and on that basis alleges, does not support the contract sales price of $595,000." (FAC, ¶ 242, page 34, lines 16-18). This does not state a claim against these Defendants under the referenced statutes and regulations.

The Complaint fails to allege that these Defendants received money for anything other than the "production of an appraisal report," which the statute explicitly authorizes. It also does not allege that "kickbacks" of any kind were received for the promise of referring business. As such, the court should dismiss this Cause of Action against these Defendants.

**B.     The Third Cause of Action (Violation Of The Truth In Lending Act And Federal Reserve Regulation Z) Fail to State a Cause of Action Against These Defendants.**

Regulation Z and the Federal Truth in Lending Act requires creditors to disclose the terms and costs of credit terms so that consumers are able to compare more readily the various credit options available to them and avoid the uninformed use of credit. 15 U.S.C. § 1601(a). More specifically, *creditors* are required to disclose information to people who are obligated on a consumer lease or a consumer credit transaction. 15 U.S.C. § 1631(a).

The duty to disclose such information lies with the *creditor* only. 15 United States Code section 1602(f) defines "creditor" as "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit...and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness, or... by agreement." Clearly, the definition of "creditor" does not apply to these Defendants, who merely created an appraisal for the subject property. Nothing within the First Amended Complaint alleges that these Defendants served as a creditor to the Plaintiff, nor does it allege that these Defendants had any duty to disclose credit information to the Plaintiff. Because the Truth in Lending Act and Regulation Z requires disclosures only from creditors, this cause of action should be dismissed against these Defendants.

**C.     The Fourth Cause of Action (Fraud) Fails to State a Claim Against These Defendants.**

In the fourth cause of action, Plaintiff asserts that "defendants" "knowingly designed the

Tobago Avenue property transaction in such a manner as to have the loans issued by defendant Countrywide to plaintiff fail" and "designed the loans to fail by inflating the value of the property so as to prevent their own loss and/or interest in the property; make plaintiff liable for the default in loan mortgage payments without concern for the injury to plaintiff's credit; and collect excessive and unearned fees in the sale and financing of the Tobago Ave Property. (FAC, ¶ 263 and 266, at pp. 37-38, lines 17-19, 26-27 and 1-2). While these allegations *may* establish a claim against the lender defendants, they fall far short of stating a claim against these Defendants, who merely prepared an appraisal on the property.

The general elements of a cause of action for fraudulent misrepresentation are misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage. *Hart v. Browne* (1980) 103 Cal. App. 3d 947. In addition, where fraud is alleged as a cause of action, Federal Rules of Civil Procedure, Rule 9(b) requires a heightened requirement that it be plead with specificity to "safeguard [the] defendant's reputation and goodwill from improvident charges of wrongdoing. Fraud allegations may damage a defendant's reputation regardless of the cause of action in which they appear, and they are therefore properly subject to Rule 9(b) in every case." *Vess v. Ciba-Geigy Corp USA,* (9th Cir. 2003) 317 F. 3d 1097, 1104. Rule 9(b) requires the following:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Here, the First Amended Complaint fails to allege that these Defendants made a misrepresentation to Plaintiff with the intent to induce Plaintiff's reliance, and that Plaintiff relied on the representation to her detriment.

According to the First Amended Complaint, Plaintiff believed she was purchasing the subject property for $470,000 and did not discover that the final purchase price was $595,000 until well after close of escrow (*See* FAC ¶ 253, page 36, lines 3-4). Since the appraisal indicated a fair market value of $595,000 (implied in paragraph 174 and other paragraphs in the First Amended Complaint), Plaintiff could not have read and relied upon the appraisal in deciding to purchase the subject property, or it would not have been a "shock" to later learn that the actual sales price was $595,000.

In fact, the First Amended Complaint fails to contain any specific allegations indicating that the plaintiff relied on the appraisal at all. The First Amended Complaint fails to state a claim for Fraud against these Defendants because it fails to specifically allege the necessary elements of a Fraud cause of action as to these Defendants.

### D. The Fifth Cause of Action (Conspiracy To Defraud) Fails To State A Claim Against These Defendants.

Plaintiff's attempt to allege that all named, unnamed and unknown defendants engaged in a civil conspiracy to defraud is completely unfounded. To render the defendant liable for wrongs committed by another, the First Amended Complaint must allege that the defendant agreed to or acted in concert with other to defraud Plaintiff. *Resolution Trust Corp. v. Keating* (9th Cir.1999) 186 F. 3d 1110, 1117. Where the alleged conspiracy was to commit illegal acts, Plaintiff must allege in its complaint *certain facts* in addition to the elements of the alleged unlawful act so that "the defendant can understand the nature of the alleged wrong and discovery is not merely a blind "fishing expedition" for some unknown wrongful act." *Smith v. State Farm Mut. Auto. Ins. Co.* (2001) 93 Cal. App. 4th 700.

Notwithstanding the fact that Plaintiff has failed to show how these Defendants could have possibly engaged in fraudulent conduct, the First Amended Complaint further fails to allege how, when and specifically with whom these defendants "agreed to or acted in concert with." Nothing within the Complaint indicates that Defendants Kettner and Aequitas shared a common plan or design with any specificity with any of the other defendants. The First Amended Complaint merely states that "Defendants, by their actions, engaged in a civil conspiracy to fraudulently induce plaintiff to enter into the Tobago Avenue property transaction. On information and belief, defendants entered into an agreement, either explicitly or tacitly to fraudulently induce plaintiff to enter into and be bound by the purchase and loan transaction by intentionally making misrepresentations and concealing material facts as described herein." (FAC, ¶ 275-276, page 39, lines 6-11). Because the Plaintiff has failed to satisfy the requirements of conspiracy, this cause of action should be dismissed against these Defendants.

//

### E.   The Eighth Cause of Action (Negligent Misrepresentation) Fails To State A Claim Against These Defendants.

Negligent misrepresentation is a form of deceit defined as the assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true. *Eddy v. Sharp,* 199 Cal. App. 3d 858 (1988); Cal. Civ. Code § 1710(2). The elements of negligent misrepresentation include: (1) misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the misrepresentation, (4) ignorance of the truth and justifiable reliance on the misrepresentation by the party to whom it was directed, and (5) resulting damage. *Lincoln Alameda Creek v. Cooper Industries Inc.* (N.D. Cal 1992) 829 F. Supp. 325, 330 (citing *Fox v. Pollack* (Ct. App. 1986) 181 Cal. App. 3d 954).

There are no facts within the Eighth Cause of Action however, to establish a claim that these defendants made a false representation of a past or existing material fact, or that they intended to induce Plaintiff to rely upon their appraisal. There is also no indication that the Plaintiff actually did rely upon the home appraisal. In fact, there is no mention of these Defendants at all within this cause of action. Moreover, even if these Defendants had intended that the Plaintiff rely upon their home appraisal, there was no way that Plaintiff could have done so, given that admittedly, she did not receive any documentation, which would include the appraisal, until nearly one year after the home was purchased. (FAC, ¶ 27, page 6, lines 1415).

Furthermore, Plaintiff may not bring a cause of action for negligence or negligent misrepresentation against Kettner or Aequitas because she is neither the party who contracted for the services provided, nor was she part of the limited group of persons for whose benefit and guidance the appraisal report was prepared. *Bily v. Arthur Young & Co.* (1992) 3 Cal. 4th 370; *see also Lincoln Alameda Creek,* 829 F. Supp at 330 ("Liability is limited to those 'whom the engagement is designed to benefit in order to allow the supplier of information to ascertain the potential scope of its liability and make rational decisions regarding the undertaking. Therefore, in order to recover under a theory of negligent misrepresentation, the plaintiff must be an intended beneficiary of the contract. Her reliance on the report is otherwise not justified.") While *Bily* arose in the context of an accountant's potential liability to third parties for an alleged negligently prepared audit report, its rationale and

holding have been applied to other professionals that provide information and opinions. *Id. at 410.* The *Bily* decision has been specifically applied to real estate appraisers. *See Soderberg v. McKinney* (1996) 44 Cal. App. 4th 1760, 1768 (stating, "*Bily* therefore applies to real estate appraisers."*)*.

In *Bily*, the Court began its analysis by reviewing the law of negligence. The Court stated that "[t]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional invasion." *Id.* at 397. After reviewing the arguments for and against finding a duty on the part of information supplies, such as real estate appraisers, the Court succinctly stated that such liability is exclusively confined to those who specifically contract for such services. *Id.* at 376.

The Court then considered to what extent was an information supplier, such as a real estate appraiser, legally liable to third parties who may obtain and act on negligently provided information in the report. *Id at 375.* The Court adopted the approach taken by the Restatement (2d) of Torts, section 552, entitled "Information Negligently Supplied for the Guidance of Others." Relying on this section, the *Bily* Court held that an information supplier may "be held liable for negligent misrepresentations in [a] report to those persons who act in reliance upon those misrepresentations in a transaction which the [information supplier] intended to influence." *Id.* at 376. However, the *Bily* court also expressly limited such potential liability to: (a) the person or one of a limited group of person for who the information supplier specifically knows of, or specifically knows will receive and use the information; and, (2) to such specific transactions or (type) of transactions the information supplier knows the information will be used. The Court specifically declined to extend liability to all persons who could foreseeably obtain and rely on the report by the information supplier. *Mariani v. Price Waterhouse* (1999) 70 Cal. App. 4th 685, 695 (citing *Bily v. Arthur Young,* (1992) 3 Cal. 4th 370, 410*)*.

Liability to non-clients extend only if the information supplied "intends to benefit one or more third parties in a specific transaction or type of transaction identified to the information supplier." *Bily v. Arthur Young* at 392. This is commonly referred to as the "intends to benefit" requirement. The *Bily* court limited liability "to cases in which the supplier [of information] 'manifests an intent to supply the information for the sort of use in which the plaintiff's loss

occurs.'" *Mariani v. Price Waterhouse,* (1999) 70 Cal. App. 4th 685, 705 (citing *Bily v. Arthur Young,* (1992) 3 Cal. 4th 370, 409). *Bily* "requires not just an intent to influence [the plaintiffs'] actions 'in their transactions with [the corporation],' but rather an intent to influence actions 'in a specific transaction, or a specific type of transaction'; or a 'specific transaction or a well-defined type of transaction.'" *Id*. at 708 at fn. 8.

In this action, the First Amended Complaint alleges that Kettner and Aequitas were hired to prepare an appraisal report of the subject property to induce the Plaintiff to *continue* with the purchase of the property. (FAC ¶ 174-175, page 25, lines 17-25). A year or more after the purchase it is difficult to understand how one can rely on a misrepresentation to their detriment, and the First Amended Complaint's reference to "continuing" to purchase the property is perhaps purposely vague. There is no allegation that Kettner and Aequitas were contracted directly by the Plaintiff to conduct the appraisal for the purchase of the home and in fact, the existing allegations in the complaint suggest the opposite. Similarly, although an information supplier may be held liable for negligent misrepresentations in a report, they are liable only to those persons who act in reliance upon the misrepresentations in a transaction which the information supplier intended to influence. Kettner and Aequitas are not liable to the Plaintiff in this matter because the Plaintiff does not meet the "intends to benefit" requirement as discussed in *Bily*. The Complaint fails to allege that the appraisal report was intended to benefit the Plaintiff. Moreover, the allegations in the Complaint suggest that there is no way that the Plaintiff could have relied on such a report in determining whether to purchase her home, as the Complaint itself states that the Plaintiff did not receive any documentation until January 2008 - nearly one year after the purchase of the home (FAC ¶ 253, page 36, lines 3-4). As alleged, the facts do not support a claim against Kettner or Aequitas for Negligent Misrepresentation.

**F.    The Tenth Cause of Action (Concealment) Fails To State A Claim Against These Defendants.**

Fraudulent concealment under California law requires that: (1) the defendant concealed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant concealed or suppressed the fact with an intent to defraud; (4) the plaintiff was unaware of the fact

and would have acted if he or she had known about it; and (5) the concealment caused the plaintiff to sustain damage. *Williamson v. General Dynamics Corp.,* (9th Cir. 2000) 208 F. 3d 1144; Cal. Civ. Code § 1572(3), 1710(3).

As these defendants are appraisers with no alleged relationship with plaintiff, the First Amended Complaint fails to establish that these Defendants had a duty to the Plaintiff to disclose information. Accordingly, these defendants are not be liable for the alleged concealment.

The First Amended Complaint also fails to allege that either Kettner or Aequitas had intentionally concealed or suppressed any facts, or that they did so with the intent to defraud the Plaintiff within their appraisal. Because the Plaintiff has failed to satisfy the requirements of concealment, this Cause of Action should be dismissed.

### G.   The Eleventh Cause of Action (Rescission) Fails To State A Claim Against These Defendants.

Although California Law (*See* Civil Code § 1689) allows for the rescission of a contract where, *inter alia,* it has been obtained by fraud, because the First Amended Complaint fails to establish that these defendants were a party to the contract or are the record title owner of the property, this Cause of Action cannot apply to either Kettner or Aequitas. Accordingly, this Cause of Action against these Defendants should be dismissed by this Court.

### H.   The Thirteenth Cause of Action (Violation of the Unfair Competition Act) Fails To State A Claim Against These Defendants.

The intent and purpose of California's Unfair Competition Law, as stated within California Business and Professions Code, section 17200, et seq., is the "preservation of fair business competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 180. "Unfair competition," is defined under the code, as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising..." *Rice v. Fox Broadcasting Co.,* (9th Cir. 2003) 330 F. 3d 1170. The only allegation within the Thirteenth Cause of Action that would apply to these Defendants insofar as having engaged in "unfair business practices," is the claim that the home prices had been artificially inflated.

Whether a business practice constitutes unfair competition under California Business and Professions Code section 17200, involves an examination of [that practice's] impact on its alleged

victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. *Family Home and Finance Center, Inc. v. Federal Home Loan Mortg. Corp.* (9th Cir. 2008) 525 F. 3d 822, 826. Plaintiff may not bring a claim against these defendants for Violating the Unfair Competition Act, because she fails to meet the first requirement, which is the practice's impact on its alleged victim. Given that the Plaintiff admits she did not receive a copy of the subject appraisal until January of 2008, one year after the purchase of her home, whatever alleged unfair business practice was committed by these Defendants had absolutely no impact on the Plaintiff whatsoever. Because she did not see the appraisal, there is also no possible way that the Plaintiff can claim that she relied on the information within it to purchase her home. Accordingly, a claim against these Defendants for this cause of action is unfounded.

Furthermore, California's unfair competition law authorizes a court to enter orders or judgments to prevent acts of unfair competition and/or restore money or property acquired by such improper acts. Cal. Bus. & Prof. Code § 17203 (West 2004). However, a plaintiff's right to recovery, and a court's power to redress a grievance through restitutionary and/or injunctive relief is limited to restoring the status quo ante. A plaintiff is not entitled to restitutionary or injunctive relief to recover that which they have not actually delivered and/or do not have a vested interest. *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal. 4th 1134, 1149-50.

Restitution under California's unfair competition law is limited to restoring to a plaintiff only that money or property improperly obtained from him/her by a defendant. *Korea Supply Co.*, 29 Cal.4th at 1149. A plaintiff cannot recover damages. *Cacique, Inc. v. Robert Reiser & Co. Inc.* (9th Cir. 1999) 169 F. 3d 619.

In the instant situation, there is no allegation that defendants Kettner and Aequitas obtained money from plaintiff through improper means, nor did they engage in unfair competition in any way through the creation of the appraisal. There is no allegation that they failed to create the appraisal, yet charged the Plaintiff a fee. Because the Plaintiff has failed to state a claim for the violation of the Unfair Competition Act, this Court should dismiss this claim against these defendants.

## V. CONCLUSION

Based upon the foregoing reasons and authorities, Defendants Darrell Kettner and Aequitas

1 | Appraisal Group respectfully requests this Court grant this Motion to Dismiss without leave to
2 | amend.
3 | Dated: August 8, 2008
4 | ERICKSEN, ARBUTHNOT, KILDUFF, DAY & LINDSTROM, INC.

6 | _____/s/_____
Steve W. Dollar, Esq.
7 | Grace Lee, Esq.
Attorneys for Defendants
8 | AEQUITAS APPRAISAL GROUP and
DARRELL R. KETTNER